## COMMON PLEAS

### No. 800

### HOFFMAN v. BARRIGER

Hamilton Common Pleas

No. 194279.

651. INTEREST—On contract for sale of real estate, not due, but falls due, between date of acceptance of the offer and when first payment is to be made.

ROETTINGER, J.

Henry and Rose Hoffman had an interest in certain real estate involved in this case, they being successor in title and interest of one, Sandowitz. Ross Barriger, on March 10, 1924, entered into a contract and agreement to purchase said property from Emma Sandowitz, whose place is now taken by the Hoffmans.

Subsequently on April 8, 1924 another writing, called a lease, was executed between the parties. Hoffman contended that certain stipulations and requirements in the lease have been violated by Barriger and prayed first for cancellation, and forfeiture of the lease, and second in the alternative that should the court find the so-called lease to be in fact a deed with mortgage back, then for foreclosure of the mortgage.

The agreement contained in part, the following (1) $500 to be applied on purchase price if title as set forth; (2) $5500, thirty days from acceptance of offer (3) $4000 additional in four months from date of acceptance, (4) and the balance, $20,000, payable in five years in quarterly installments, $1000 each beginning Jan. 1, 1925 at 6 per cent interest. The lease contained the following: "Lessee to have the privilege of paying off any multiple of $1000 at any interest paying period, on account of purchase price, as rent, and all taxes assessments levied on said premises and insurance." The Court held:

1. Counsel for plaintiff, has withdrawn the prayer for forfeiture; Anglo-Saxon Courts for centuries have frowned upon forfeiture, and will avoid granting such relief whenever possible.

2. The paper writing referred to as a "lease" is not in fact a lease, but the whole arrangement is in fact in the nature of a sale from Sandowitz to Barriger, and a purchase money mortgage back from Barriger to Sandowitz.

3. Hoffmans are not the owners of the fee subject to the lease, but Barriger is the owner of the fee subject to the mortgage which the Hoffmans now own.

4. The point in dispute is whether the pay-

ments referred to in item 4 bear interest from March 10, 1924, April 8, 1924, July 10, 1924 (4 months after acceptance of offer) or from Jan. 1, 1925. If last be correct, Barriger is not in default, but if either of the others are correct, he is in default and Hoffmans are entitled to a foreclosure.

5. "The purchaser does not become chargeable with interest on the unpaid purchase money from the date of such possession, in the absence of any stipulation to that effect in the contract of sale."

6. Deferred payments referred to in item 4 did not begin to draw interest until Jan. 1, 1925 and therefore Barriger is not in default, and Hoffmans are not entitled to foreclosure.

**Attorneys**—Alfred Bettman for Hoffman; Otto Pfleger for Barriger; both of Cincinnati.